

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-14-2005

# In re: Boyd Brown

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3550

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"In re: Boyd Brown " (2005). *2005 Decisions.* Paper 546.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/546

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-335                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-3550
_____

IN RE: BOYD B. BROWN, JR.,

Petitioner

_____

On a Petition for Writ of Mandamus from the
District Court of the Virgin Islands
(Related to Civil App. No. 02-cv-00187)

_____

Submitted under Rule 21, Fed. R. App. P.
August 11, 2005

BEFORE: ROTH, BARRY and SMITH, CIRCUIT JUDGES

(Filed September 14, 2005)

_____

OPINION

_____

PER CURIAM

In the District Court of the Virgin Islands, Boyd B. Brown filed an appeal from an

order issued by the Territorial Court in his habeas corpus proceeding.  On June 26, 2003,

the District Court considered his appeal and determined that it could not reach the merits

because Brown had not obtained a certificate of probable cause for appeal.  Pursuant to

Rule 14 of the Virgin Islands Rules of Appellate Procedure, the District Court remanded the case to the Territorial Court for a determination whether a certificate of probable cause should issue.

In May 2004, Brown filed a motion in the District Court for appointment of counsel in his Territorial Court case. In December 2004, Brown filed a petition for writ of mandamus in the District Court for an order compelling the Territorial Court to rule on the probable cause issue. He contends that the Territorial Court has not ruled because it "granted the notice of appeal." In the ruling he describes, the Territorial Court waived the posting of an appeal bond.

Brown has filed a petition for writ of mandamus in this Court. He seeks an order to compel the District Court to rule on his motion for appointment of counsel and the mandamus petition he filed there. In the alternative, he requests an order to require the District Court to rule on his appeal.

Mandamus is an extraordinary remedy. *See Kerr v. U.S. Dist. Ct.*, 426 U.S. 394, 402 (1976). Within the discretion of the issuing court, mandamus traditionally may be "used ... only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" *Id.* (citations omitted). A petitioner must show "'no other adequate means to attain the desired relief, and ... a right to the writ [that] is clear and indisputable.'" *See In re Patenaude*, 210 F.3d 135, 141 (3d Cir. 2000) (citation omitted).

Under Rule 14 of the Virgin Islands Rules of Appellate Procedure, the District Court may not proceed unless the Territorial Court has determined whether a certificate of probable cause should issue. *See* V.I.R.A.P. 14 (2005). The District Court, in compliance with Rule 14, and not in abdication of its duty, has not ruled on the merits of Brown's appeal or his motion for appointment of counsel. Therefore, mandamus relief to compel the District Court to presently consider the appeal or the motion would be inappropriate.

We also decline to issue an order to compel the District Court to rule on the mandamus petition before it. An appellate court may issue a writ of mandamus when an undue delay in adjudication can be considered a failure to exercise jurisdiction that rises to the level of a due process violation, *see Madden v. Myers*,102 F.3d 74, 79 (3d Cir. 1996). The District Court's delay, of approximately eight months, in ruling on Brown's mandamus petition is of concern, s*ee Madden*, 102 F.3d at 79; *Hassine v. Zimmerman*, 160 F.3d 941, 959 (3d Cir. 1998), particularly because Brown seeks relief in the District Court from a purported delay in the Territorial Court. However, because we expect that the District Court will promptly consider Brown's mandamus petition, mandamus relief is not warranted at this time. The denial of mandamus relief is without prejudice to a renewed application if the District Court does not rule on the mandamus petition pending before it within 60 days.